```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


WILLIAM C. BURR,              )
                              )
          Petitioner,         )
                              )
                              )    CIVIL ACTION NO.
                              )    13-12710-DPW
          v.                  )
                              )    CRIMINAL ACTION NO.
                              )    12-10352-DPW
                              )
                              )
UNITED STATES OF AMERICA      )
                              )
          Respondent.         )
```

MEMORANDUM AND ORDER
December 27, 2013

This petition to vacate, set aside, or correct a conviction pursuant to 28 U.S.C. § 2255 was filed by William C. Burr, who contends that his previous counsel provided ineffective assistance in connection with the entry of his plea of guilty to a federal tax felony charge, and that, as a result, his plea was not entered into voluntarily, knowingly and intelligently.

**I. BACKGROUND**

On January 14, 2013, Burr waived indictment and pleaded guilty to one count of filing a false tax return in violation of 26 U.S.C. § 7206(1), pursuant to a plea agreement dated October 5, 2012. On June 17, 2013, I sentenced him to a term of

incarceration of one year and one day, to be followed by a one year term of supervised release.  In addition, he was ordered to pay a $100 special assessment and make restitution to the Internal Revenue Service in the amount of $101,327.  I permitted self-surrender by the defendant on or before August 23, 2013 to the institution designated for confinement by the Bureau of Prisons.  The judgment and commitment order entered June 18, 2013.

Burr belatedly filed a *pro se* Notice of Appeal of the conviction and sentencing on July 8, 2013, twenty days after the judgment and commitment order entered.[1]  Represented by new counsel, Burr filed an Emergency Motion to Postpone Surrender Date on August 20, 2013.  At a hearing on August 22, 2013, while noting some reservations both about the effectiveness of the belated notice of appeal and the merits of any effort to vacate the sentence collaterally - particularly while it was subject to appeal - I granted Burr an extension of time until September 30, 2013 to surrender for service of his sentence, and directed him

---

[1] Not only was the Notice of Appeal filed beyond the fourteen day period required by Fed. R. App. P. 4(b)(1), but the petitioner did not seek leave to extend the appeal period within thirty days of the expiration of the fourteen day period.  Thus, as I suggested to new counsel during the August 22, 2013 hearing, when discussing the various avenues by which Burr might challenge his judgment and conviction, as of that date my authority to allow a direct appeal was foreclosed.  *See generally United States* v. *Williams*, 2013 WL 4784708 (D. Mass. Sept. 5, 2013).

to notify the court of his intention either to pursue or withdraw his Notice of Appeal. Burr ultimately moved in the Court of Appeals to withdraw his appeal, and a judgment of dismissal entered on December 12, 2013. Mandate issued today.

Meanwhile, on September 19, 2013, prior to withdrawing his appeal, Burr filed a Motion to Re-Open Sentencing Hearing and Allow Defendant to Introduce Evidence in Mitigation Not Previously Provided to the Court During the Original Sentencing Hearing (#39). The Government opposed the motion of the grounds that this court was without jurisdiction to alter Burr's sentence because more than fourteen days had passed since his June 17, 2013 sentencing. I declined to rule on the motion while the appeal was pending and Burr reported to the Bureau of Prisons on September 30, 2013. Burr then filed the instant petition on October 25, 2013, accompanied by a motion for bail pending resolution of the petition. Now that mandate has issued for the dismissal of his appeal, I may act on the collateral attack mounted by the defendant.

## II. DISCUSSION

It is well established that "[w]ithout a showing of cause (and prejudice), 'the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.'" *Cody* v. *United States*, 249 F.3d

47, 51 (1st Cir. 2001) (quoting *Bousley* v. *United States*, 523 U.S. 614, 621 (1998)). As noted, Burr moved to dismiss his direct appeal and the Court of Appeals has granted that motion. Consequently, Burr is procedurally barred from raising a claim that his plea was involuntary absent a showing of cause and prejudice, something he has not undertaken.

Rather, Burr has now repackaged his challenge to his plea as an ineffective assistance of counsel claim. Because the cause and prejudice standard does not apply to a claim of ineffective assistance of counsel, *Cody*, 249 F.3d at 51 (citing *Knight* v. *United States*, 37 F.3d 769, 774 (1st Cir. 1994)), I will entertain Burr's petition presenting that claim according to the ineffective assistance protocols.

In order to prevail on a claim of ineffective assistance of counsel, Burr must demonstrate that his attorney's performance was deficient and that he was prejudiced by the deficiency. *Strickland* v. *Washington*, 466 U.S. 668, 687 (1984). In the context of a guilty plea, this means a § 2255 petitioner must show that his counsel's performance "fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill* v. *Lockhart*, 474 U.S. 52, 57, 59 (1985). As the First Circuit

has observed, "dreary lawyering does not offend the Constitution," *Scarpa* v. *Dubois*, 38 F.3d 1, 8 (1st Cir. 1994). Thus, "[a] petitioner bears a very heavy burden on an ineffective assistance claim." *Lema* v. *United States*, 987 F.2d 48, 51 (1st Cir. 1993).

Burr argues that his previous counsel rendered ineffective assistance by failing properly to explain the elements of 26 U.S.C. § 7206(1) to him prior to the entry of a guilty plea. Specifically, Burr contends that his counsel erroneously advised him as to the mental state required for the parallel *misdemeanor* tax evasion offense under 26 U.S.C. § 7203, instead of the mental state required for the felony charge under § 7206(1) to which he pleaded guilty. Additionally, Burr asserts that his counsel advised him that he was "guilty because [he] signed the tax return, PERIOD." Burr argues that he is actually innocent of the felony charge and would not have pleaded guilty had he correctly understood the mental state required for that offense.

Burr's argument fails for several reasons. First, even assuming his allegations are true, he is unable to demonstrate that his counsel's performance was deficient. The elements of the felony offense under § 7206(1) are:

> (1) that the defendant made or caused to be made, a federal income tax return for the year in question which he verified to be true; (2) that the tax return was false as to a material matter; (3) that the defendant signed the return

>willfully and knowing it was false; and (4) that the return contained a written declaration that it was made under the penalty of perjury.

*United States* v. *Boulerice*, 325 F.3d 75, 79 (1st Cir. 2003). Burr does not dispute that he signed a delinquent tax return that understated his company's income by nearly $500,000, at a time when he was already the subject of a civil audit. Although the government must prove that the defendant knew the return was false when he signed it, "[t]he government need not present direct evidence of willfulness," and "'[a] jury may permissibly infer that a taxpayer read his return and knew its contents from the bare fact that he signed it.'" *Id.* at 80 (quoting *United States* v. *Olbres*, 61 F.3d 967, 971 (1st Cir. 1995)). Given the circumstances of this case – upon which I need not elaborate here – it was not unreasonable for Burr's counsel to advise him that, as a practical matter, his signature on a materially false return was sufficient to sustain a conviction, and accordingly, it was in his best interest to accept the government's offer of a plea bargain.

Second, even if his counsel's advice was somehow deficient, Burr plainly cannot demonstrate prejudice. Contrary to Burr's contention, the mental states required for the misdemeanor offense under § 7203 and the felony offense under § 7206(1) are identical. *United States* v. *Bishop*, 412 U.S. 346, 349 (1973)

("In our view, the world 'willfully' has the same meaning in both statutes."); *see also Sansone* v. *United States*, 380 U.S. 343, 353 (1965) (rejecting the argument that a set of facts could exist that would satisfy the willfulness element in the misdemeanor but not in the felony). Burr is simply incorrect in his contention that willfulness in the context of the felony offense includes "an intent to defraud the government." The case to which he cites, *United States* v. *McCorkle*, 511 F.2d 482, 483-85 (7th Cir. 1975), explicitly *rejects* that proposition. *Id.* at 485. Moreover, the other case upon which he principally relies to suggest that there is some distinction between the mental states required for the felony and misdemeanor offenses, *Abdul* v. *United States*, 254 F.2d 292 (9th Cir. 1958), was expressly abrogated by the Supreme Court. *See Bishop*, 412 U.S. at 351.

Finally, even assuming Burr's counsel somehow misinformed him as to the mental state required for a violation of § 7206(1), or, as Burr contends, Burr believed he was pleading guilty to a misdemeanor charge, any error was cured by my plea colloquy with him. I instructed him three times during that colloquy that he was pleading guilty to a "serious federal felony," and explained to him the elements of § 7206(1). After I explained the elements of the offense, including the willfulness requirement, and the government described the evidence it would present at trial, I

asked Mr. Burr if the government accurately described what happened. He replied, "Yes, sir." I then verified with Mr. Burr that he knew he was submitting a false tax return, to which he replied, "Yes, sir," and that he had not made a mistake when he filed the return, to which he replied "No, sir."

A defendant cannot demonstrate prejudice caused by an alleged ineffectiveness of counsel in explaining the elements of an offense where, as here, the Rule 11 colloquy served to cure any ineffectiveness before the plea was accepted. *See, e.g.*, *Lavoll* v. *Grigas*, 227 Fed. Appx. 592, 595 (9th Cir. 2007) (no prejudice where both written plea agreement and plea hearing showed awareness of the elements of the crime and waived rights); *Aziz* v. *Litscher*, 27 Fed. Appx. 611, 613 (7th Cir. 2001) (per curiam) (even if counsel failed to explain elements before defendant pled guilty, no prejudice resulted where trial court explained elements and defendant acknowledged that he understood); *Schone* v. *Purkett*, 15 F.3d 785, 790 (8th Cir. 1994) (same); *cf. United States* v. *Shedrick*, 493 F.3d 292, 300 (3d Cir. 2007) (any erroneous sentencing information allegedly provided by defense counsel was cured by written plea agreement and detailed plea colloquy, both of which accurately stated potential sentence); *United States* v. *Butt*, 731 F.2d 75, 78-80 (1st Cir.

1984) (court "satisfied that plea was voluntary and no induced by any claimed ineffective assistance of counsel" where transcript of plea colloquy clearly demonstrated defendant understood range of potential sentences). Petitioner has failed to demonstrate any prejudice resulting from his counsel's alleged ineffectiveness.

### III. CONCLUSION

For the foregoing reasons, Burr's Motion to Re-Open Sentencing Hearing (#39), and his Motion to Vacate his Conviction under 28 U.S.C. § 2255 (#41) are DENIED, and his Motion for Bail (#43) is found to be moot.

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT